Cause Nos.: 06-05-00104-CR through -00106-CR

RECEIVED IN
The Court of Appeals
Sixth District

MAR 0 9 2015

Texarkana, Texas
Debra Autrey, Clerk

FILED IN
The Court of Appeals
Sixth District

MAR 0 9 2015

Texarkana, Texas
Debra K. Autrey, Clerk

In The
Court Of Appeals
Sixth Appellate District
State Of Texas

Michael Tremal Sanders

VS.

The State Of Texas

Trial Cause Nos. 20576, 20577, & 20591
Trial Court: 6th Judicial District Court of Lamar County, TX.

Motion For A Specific Definement Of
The Parameters Of The Offenses - Intent -
Requirement.

To The Honorable Judges Of The Court Of Appeals:
   Now comes, Michael Tremal Sanders, Appellant,
and files this Motion for a specific definement of the
parameters of the offenses - intent - requirement.
In support of this motion, appellant shows the
Court the following:

On January 20, 2005, a Lamar County, Grand Jury handed down two indictments against Appellant alleging the commission of the offense of Harassment By Person In A Correctional Or Detention Facility, Repeat Offender, under Texas Penal Code Ann., Sections 22.11(a) (Vernon Supp. 2003, and 12.42. A third indictment for the same offense arising out of the same incident was handed down the following day. On April 1, 2005, in The 6th Judicial District Court of Lamar County, Texas., Appellant pled not-guilty to all three of the indictments, and was tried in a single proceeding for committing, during a single incident, the same offense against three different individuals, Justin Foster, Sherri Halton, and Peggy Jimenez, Appellant was convicted in Trial Cause Nos. 20576, 20577, & 20591, and received fifteen years confinement in each case with the sentences ordered to be ran concurrently, but stacked atop the four years sentence that Appellant was already serving. On October 5, 2005, Appellant appealed to the Court of Appeals, 6th Appellate District of Texas, at Texarkana. All three convictions were affirmed on January 5, 2006, in appellate Cause Nos. 06-05-00104-CR, 06-05-00105-CR, and 06-05-00106-CR.

A person commits the offense of Harassment by person in correctional or detention facility if the person, while imprisoned or confined in a correctional or detention facility and with intent to harass, alarm, or annoy another person, causes the other person to contact the blood, seminal fluid, vaginal fluids, saliva, urine, or feces of the actor or any other person. Tex. Pen. Code Ann., Sec. 22.11(a) (Vernon Supp. 2003) [Emphasis added to "Vernon Supp. 2003"]. See also, Acts 2003, 78th Leg., ch. 1006 (H.B. 274), Sec. 1, eff. Sept. 1, 2003. The offense charged in the instant matter.

Black's Law Dictionary defines Harassment as:
A course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.

Appellant's request for the Court of Appeals to specifically define the parameters of the offense's — intent — requirement is based upon the following facts:
On the appeals, Appellant challenged the sufficiency of the evidence, by arguing that no evidence was offered of his alleged intention to harass, alarm, or annoy the jailers (Foster/Haltom/Jimenez). To

the contrary, the only evidence offered of his intentions shows that his intentions (and conduct) to harass, alarm, or annoy was directed at the Trustees (other inmates), and or, the inmate in the adjoining cell.

The Court of Appeals, in response to Appellant's aforementioned evidentiary challenge, on Page 3 of its Memorandum Opinion, cited Tex. Pen. Code Ann., Sec. 22.11(a)(1)(Vernon Supp. 2005) as the Court's standard of review, even though that was not the law that was in effect at the time the crime is alleged to have been committed, nor was Appellant convicted under its gist. Then, on Page 4 of its Opinion, the Court held:

"First, we note that neither the statue nor the indictment required the State to prove that Sanders' intent to harass was directed at any officer. By his own admission, Sanders intended to harass someone, namely the Trustees or a fellow inmate. That, alone, was sufficient proof of his intent."

Thereby, and therefore, the Court overruled Appellant's assertions of error. However, the Court never specifically defined the parameters of the - intent - requirement

Because the Court's interpretation of Section

22.11 differs from Appellant's, and Black's Law Dictionary's interpretation of Harassment, and because there clearly appears to be two different statues at play here, namely 22.11(a)(Vernon Supp. "2003"), and 22.11(a)(1)(Vernon Supp. 2005), Appellant is now respectfully and rightfully requesting that the Court of Appeals specifically define the parameters of the -intent- requirement of both of the aforementioned statues, and the indictments as well. This request is being made in the interest, and pursuit of justice.

<u>Respectfully Submitted, By</u> :

Michael T. Sanders
I.D. No. - 1106218
B. Clements Unit
9601 Spur 591
Amarillo, TX. 79107-9606

Appellant, pro se

Date: March 4, 2015

## Certificate Of Service

I hereby certify that a true and correct copy of the foregoing document / Motion was mailed, via U.P.S. First-Class mail, to the Lamar County District Attorney's Office, at 119 N. Main St., 3rd Floor, Paris, Texas 75460, on this ___4___ day of ___March___ 2015.

Respectfully Submitted, By :


Michael T. Sanders
Signature of Appellant, pro se